UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IVAN COLLADO,<br>PATRICIA VILLALBA,<br>   a/k/a "Patty,"<br>   a/k/a "Sweetz,"<br>ARECIO COLLADO, and<br>JERRY VARGAS,<br>   a/k/a "Peligro,"<br><br>                    Defendants. | **SEALED SUPERSEDING<br>INDICTMENT**<br><br>S2 24 Cr. 110 (JPO) |

## COUNT ONE
### (Conspiracy to Distribute Narcotics)

The Grand Jury charges:

1.      From at least in or about November 2023 through at least in or about February 2024, in the Southern District of New York and elsewhere, IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," and ARECIO COLLADO, the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

2.      It was a part and an object of the conspiracy that IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," and ARECIO COLLADO, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3.      The controlled substance that IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," and ARECIO COLLADO, the defendants, conspired to distribute and possess with intent to distribute was five kilograms and more of mixtures and substances

containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT TWO
### (Cyberstalking Resulting in Death)

The Grand Jury further charges:

4. In or about November 2023, in the Southern District of New York and elsewhere, IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," ARECIO COLLADO, and JERRY VARGAS, a/k/a "Peligro," the defendants, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, used an electronic communication service and electronic communication system of interstate commerce, and a facility of interstate or foreign commerce, to engage in a course of conduct that placed that person in reasonable fear of death of and serious bodily injury to that person and an immediate family member of that person, and that caused, attempted to cause, and was reasonably expected to cause substantial emotional distress to that person, and in the course of engaging in such conduct, caused the death of that person, to wit, I. COLLADO, VILLALBA, A. COLLADO, and VARGAS used, among other things, a geospatial location tracking device, cellphones, and the Internet, to aid in the surveillance of Raymond Resto, in an attempt to intimidate and harass Resto, and, in the course of engaging in such conduct, I. COLLADO, VILLALBA, A. COLLADO, and VARGAS killed Resto.

(Title 18, United States Code, Sections 2261A(2)(A) and (B), 2261(b)(1), and 2.)

## COUNT THREE
### (Conspiracy to Commit Kidnapping Resulting in Death)

The Grand Jury further charges:

5.    From at least on or about November 17, 2023, through at least on or about November 27, 2023, in the Southern District of New York and elsewhere, IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," ARECIO COLLADO, and JERRY VARGAS, a/k/a "Peligro," the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to kidnap Raymond Resto, in violation of Title 18, United States Code, Section 1201(a)(1).

6.    It was a part and an object of the conspiracy that IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," ARECIO COLLADO, and JERRY VARGAS, a/k/a "Peligro," the defendants, and others known and unknown, would and did knowingly and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away, and hold for ransom and reward and otherwise Resto, and Resto would be and was willfully transported in interstate and foreign commerce, and IVAN COLLADO, VILLALBA, ARECIO COLLADO, and VARGAS would and did travel in interstate and foreign commerce and use the mail and a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of committing the offense, in violation of Title 18, United States Code, Section 1201(a)(1), resulting in death, to wit, IVAN COLLADO, VILLALBA, ARECIO COLLADO, and VARGAS agreed with each other to seize, kidnap, abduct, and carry away Resto from a parking lot in the Bronx, New York, using, among other things, cellphones, email accounts, the Internet, and a geospatial location tracking device, which resulted in Resto's death.

Overt Acts

7.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about November 24, 2023, PATRICIA VILLALBA, a/k/a "Patty, a/k/a "Sweetz," the defendant, purchased a geospatial tracking device that was used to facilitate the kidnapping of Resto.

b.    On or about November 26, 2023, IVAN COLLADO, VILLALBA, and JERRY VARGAS, a/k/a "Peligro," the defendants, conducted surveillance of Resto's home in the Bronx, New York.

c.    On or about November 26, 2023, IVAN COLLADO and VILLALBA oversaw VARGAS's installation of a geospatial tracking device on Resto's vehicle, which was parked in an enclosed retail parking lot in the Bronx, New York.

d.    On or about November 26, 2023, VILLALBA monitored location data recorded by a geospatial tracking device to track Resto's movements in advance of the kidnapping.

(Title 18, United States Code, Section 1201(c).)

## COUNT FOUR
### (Firearms Use, Carrying, and Possession)

The Grand Jury further charges:

8.    In or about November 2023, in the Southern District of New York and elsewhere, IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," ARECIO COLLADO, and JERRY VARGAS, a/k/a "Peligro," the defendants, during and in relation to (i) a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count One of this Indictment, and (ii) a crime of violence for

4

which they may be prosecuted in a court of the United States, namely, the cyberstalking resulting in death charged in Count Two of this Indictment, knowingly used and carried one and more firearms, and, in furtherance of such crimes, possessed one and more firearms, and aided and abetted the use, carrying, and possession of one and more firearms, one and more of which were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT FIVE
### (Murder Through the Use of a Firearm)

The Grand Jury further charges:

9.     Between on or about November 26, 2023, and on or about November 27, 2023, in the Southern District of New York and elsewhere, IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," ARECIO COLLADO, and JERRY VARGAS, a/k/a "Peligro," the defendants, and others known and unknown, during and in relation to (i) a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count One of this Indictment, and (ii) a crime of violence for which they may be prosecuted in a court of the United States, namely, the cyberstalking resulting in death charged in Count Two of this Indictment, knowingly used and carried one and more firearms, and in furtherance of such crimes, possessed one and more firearms, and in the course of such crimes did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), and aided and abetted the same, and willfully caused the same, to wit, IVAN COLLADO, VILLALBA, ARECIO COLLADO, and VARGAS planned and helped carry out the stalking and kidnapping of Raymond Resto in the Bronx, New York, during

which Resto was shot and killed.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT SIX
### (Cyberstalking With Use of Dangerous Weapon)

The Grand Jury further charges:

10.     In or about November 2023, in the Southern District of New York and elsewhere, IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," ARECIO COLLADO, and JERRY VARGAS, a/k/a "Peligro," the defendants, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, used an electronic communication service and electronic communication system of interstate commerce, and a facility of interstate or foreign commerce, to engage in a course of conduct that placed that person in reasonable fear of death of and serious bodily injury to that person and an immediate family member of that person, and that caused, attempted to cause, and was reasonably expected to cause substantial emotional distress to that person, and in the course of engaging in such conduct, used a dangerous weapon, to wit, IVAN COLLADO, VILLALBA, ARECIO COLLADO, and VARGAS, used, among other things, the Internet and cellphones to aid in the surveillance of an individual (the "Cyberstalking Victim"), in an attempt to intimidate and harass the Cyberstalking Victim and, in the course of engaging in such conduct, a dangerous weapon was used.

(Title 18, United States Code, Sections 2261A(2)(A) and (B), 2261(b)(3), and 2.)

## COUNT SEVEN
### (False Statements)

The Grand Jury further charges:

11.     On or about February 15, 2024, in the Southern District of New York and

6

elsewhere, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up by a trick, scheme, and device a material fact, and made a materially false, fictitious, and fraudulent statement and representation, to wit, VILLALBA falsely stated during an interview with federal law enforcement officers from the Drug Enforcement Administration ("DEA") that:

      a.  VILLALBA was aware that another individual ("Individual-1") was responsible for purchasing and activating a tracking device on Raymond Resto's vehicle prior to his death, when, in truth and fact, VILLALBA and others known to her were responsible for purchasing and activating the tracking device.

      b.  VILLALBA only became aware of the murder of Raymond Resto approximately two days after the murder occurred when Individual-1 told VILLALBA about the murder, when, in truth and fact, VILLALBA learned about the murder immediately after it occurred.

(Title 18, United States Code, Section 1001.)

**<u>COUNT EIGHT</u>**
**(False Statements)**

The Grand Jury further charges:

12.    On or about March 29, 2024, in the Southern District of New York and elsewhere, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up by a trick, scheme, and device a material fact, and made a materially false, fictitious, and fraudulent statement and representation, to wit, VILLALBA

7

falsely stated during an interview with the DEA and the U.S. Attorney's Office for the Southern

District of New York that:

      a.  VILLALBA was aware that Individual-1 was responsible for purchasing and

activating a tracking device on Raymond Resto's vehicle prior to his death, when, in truth and fact,

VILLALBA and others were responsible for purchasing and activating the tracking device.

      b.  VILLALBA only became aware of the murder of Raymond Resto approximately

two days after the murder occurred when Individual-1 told VILLALBA about the murder, when,

in truth and fact, VILLALBA learned about the murder immediately after it occurred.

(Title 18, United States Code, Section 1001.)

## COUNT NINE
### (False Statements)

The Grand Jury further charges:

13.    On or about May 23, 2024, in the Southern District of New York and elsewhere,

IVAN COLLADO, the defendant, in a matter within the jurisdiction of the executive branch of the

Government of the United States, knowingly and willfully falsified, concealed, and covered up by

a trick, scheme, and device a material fact, and made a materially false, fictitious, and fraudulent

statement and representation, to wit, COLLADO falsely stated during an interview with the DEA

and the U.S. Attorney's Office for the Southern District of New York that, among other things,

COLLADO was aware that Individual-1 was responsible for purchasing and activating a tracking

device on Raymond Resto's vehicle prior to his death, when, in truth and fact, COLLADO and

others known to him were responsible for purchasing and activating the tracking device.

(Title 18, United States Code, Section 1001.)

## SPECIAL FINDINGS REGARDING THE MURDER OF RAYMOND RESTO

14.     Count Five of the Indictment is realleged and incorporated by reference as though fully set forth herein.  As to Count Five of the Indictment, alleging the murder of Raymond Resto, IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," ARECIO COLLADO, and JERRY VARGAS, a/k/a "Peligro," the defendants, each:

a.     was 18 years of age or older at the time of the offense;

b.     intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Raymond Resto died as a direct result of the act (Title 18, United States Code, Section 3591 (a) (2) (C));´and

c.     intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)).

## FORFEITURE ALLEGATIONS

15.     As a result of committing the offense alleged in Count One of this Indictment, IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," and ARECIO COLLADO, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

16.     As a result of committing the offense alleged in Count Three of this Indictment, IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," ARECIO COLLADO, and JERRY VARGAS, a/k/a "Peligro," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, which constitutes or is derived from proceeds traceable to said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

17.     As a result of committing the offenses alleged in Counts Four and Five of this Indictment, IVAN COLLADO, PATRICIA VILLALBA, a/k/a "Patty," a/k/a "Sweetz," ARECIO COLLADO, and JERRY VARGAS, a/k/a "Peligro," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offenses.

### Substitute Assets Provision

18.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> a.     cannot be located upon the exercise of due diligence;
>
> b.     has been transferred or sold to, or deposited with, a third person;
>
> c.     has been placed beyond the jurisdiction of the Court;
>
> d.     has been substantially diminished in value; or
>
> e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924 and 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

_Danielle Sassoon_
DANIELLE R. SASSOON
United States Attorney